IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAJA TALIBAH ZAHIR,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 21-CV-1023 |
| JAMES MOUNTCASTLE, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                                                                                                       **MARCH 25, 2021**

      *Pro se* Plaintiff Naja Talibah Zahir filed this case on March 1, 2021. In an "Amended Criminal Complaint" asserting violation of 42 U.S.C. § 1983 and filed on March 10, 2021, Zahir named as Defendants James Mountcastle, an Anne Arundel County, Maryland police officer; the State of Maryland; Anne Colt Leitess, a Maryland state's attorney; Anne Arundel County; the Anne Arundel County Police Department; Tamera Chester, identified as a Clerk of Court; Maryland Governor Lawrence J. Hogan, Jr.; the Anne Arundel County Department of Detention Facilities; and the Maryland Court of Appeals. (*See* ECF No. 5.) Zahir has also moved to proceed without the payment of fees. For the following reasons, Zahir's Motion to Proceed *In Forma Pauperis* will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**I.    FACTUAL ALLEGATIONS**

      Zahir, who has filed several other lawsuits in this District concerning events occurring in Maryland,[1] alleges that on or around January 6, 2020 Defendants Mountcastle and Leitess, along

---

[1] In Civil Action 21-454, Zahir sought to remove a criminal case styled *State of Maryland v. Zahir*, No. CJ200216, which she alleges was filed in the District Court of Maryland for Prince George's County and then moved to the Circuit Court of Maryland for Prince George's County.

with other unidentified Anne Arundel County police officials and "state agents . . . purported under a [sic] unlawful complaint under color of law . . . creating a false identity named, NAJA, QUEEN, and attached this name to a stolen identity via a stolen social securities [sic] number and date of birth for the NAJA TALIBAH ZAHIR estate. . . ."  (ECF No. 5 at 6.)  Mountcastle allegedly placed this false identity on a "public complaint."  (*Id.*)  She goes on to allege that "[t]his is FRAUD, IDENTITY THEFT and a FELONY, resulting to unauthorized use of the

---

The exact nature of the criminal charges in that case was not stated in Zahir's pleading.  In Civil Action 21-456, Zahir sought to remove a criminal case styled *State of Maryland v. Zahir*, Nos. D-07-CR-18-010986, 1LH0JJ0, 1LJ0JJ0, 1LK0JJ0, 1LL0JJ0 filed in the District Court of Maryland for Anne Arundel County.  That case involved both traffic offenses and a charge of fraudulent use of personal identification to avoid prosecution.  (Civ. A. No. 21-456 ECF No. 1 at 5-6.)  Civil Action 21-457 sought to remove the same criminal case cited in Civ. A. No. 21-456.  In each case, Zahir asserted that there is a "human trafficking operation" in Maryland that resulted in her receiving summonses to appear in Maryland courts.

In a Memorandum and Order filed on February 8, 2021, the Court summarily remanded each of these criminal removals to the respective Maryland state court where they were initiated finding no viable ground to remove them to this Court.  Consulting the public record, the Court determined that charges in *State of Maryland v. Zahir*, No. CJ200216, were filed in the District Court of Maryland for Prince George's County on February 13, 2020.  *Id*.  Those charges included possession of forged identification documents and trespass on private property.  *Id*.  Zahir was arraigned on those charges on March 5, 2020.  *Id*.  The last event recorded on that docket is that Zahir failed to appear for trial on February 2, 2021.  *Id*.

The public docket for another criminal case, *State of Maryland v. Zahir*, No. D-07-CR-18-010986, indicated that the charges brought in that case were the use of fraudulent personal identification documents to avoid prosecution, and possession and use of false government identification documents.  Traffic citations Numbers 1LH0JJ0, 1LJ0JJ0, 1LK0JJ0, 1LL0JJ0 are listed as involving the same incident.  *Id*.  The arraignment in that case occurred on July 27, 2018 at which time Zahir waived her initial appearance and posted bond.  *Id*.  When Zahir failed to appear for a hearing on January 11, 2019, her bond was forfeited, and a bench warrant was issued.  *Id*.  She was apprehended, given an initial appearance, and held in custody as of March 13, 2019.  She posted bond the next day and was released from custody.  *Id*.  She failed to appear again on April 12, 2019 and another bench warrant was issued.  *Id*.  She was again apprehended on January 22, 2020 and was rebonded and released from custody on January 31, 2020.  *Id*.  Trial on her charges in that case is currently scheduled for May 18, 2021.  *Id*.

Zahir also filed Civil Action 20-6051 in which she also sued Governor Hogan, Mountcastle, and Leitess among others.  That action, for which Zahir appears to have paid the filing fee, remains pending.

credit from the estate of the deceased [presumably Zahir herself]² . . . ." (*Id.*)  She alleges that the District Court of Maryland for Anne Arundel County "has created fraudulent bonds and securities under the name of the estate . . . as a result of tying up the living woman queen naja in full body changes and forcing a signature for the securities. . . ." (*Id.* at 7.)  Defendants Mountcastle and Hogan and the state attorney have allegedly been notified of this and have failed to respond.  (*Id.*)  The balance of the Amended Complaint consists mainly of statutory citations and psuedo-legal verbiage and asserts that Defendants "acted improperly . . . to deprive queen naja, a living woman and royal heir of her rights, privileges and immunities secured to her by the United States Constitution including her birthright given to her by the Almighty God . . . including but not limited to the following:  Freedom from illegal detention or imprisonment." (*Id.* at 8).  She also appears to allege due process violations.  (*Id.*)  Zahir seeks $440 billion in damages and to have criminal charges lodged against the Defendants.  (*Id.* at 9.)

## II.     STANDARD OF REVIEW

The Court grants Zahir leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Additionally, § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

---

² Attached to the Amended Complaint is an "Affidavit of Death" showing "queen naja" is the executrix and heir of the "Estate of Naja Talibah Zahir (the 'Decedent')." (ECF No. 5-2.)

to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Zahir is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

#### A.    Attempt To Bring Criminal Charges

To the extent Zahir seeks as relief that the named Defendants be charged with crimes, that claim is not plausible. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, Civ. A. No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"); *Sanders v. Downs*, Civ. A. No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an

investigation'") (quoting *Fuchs v. Mercer Cty.,* 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, Civ. A. No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff). Furthermore, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Accordingly, this aspect of Zahir's Amended Complaint is dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

      **B.     Claims For Money Damages**

Interpreted liberally, Zahir's claims for money damages appear to center around actions allegedly occurring on January 6, 2020 in Maryland, when Defendants Mountcastle and Leitess filed a complaint against her and thereby created a "false identity named, NAJA, QUEEN" with Zahir's social security number and birthdate. (ECF No. 5 at 6.) That date approximates the date listed in the criminal records on which Zahir was apprehended after she failed to appear in Maryland state court and a bench warrant was issued for her arrest. Rather than creating "fraudulent bonds and securities under the name of the estate . . . as a result of tying up the living woman queen naja in full body changes and forcing a signature for the securities . . ." (*id.* at 7), Zahir's claims against all Defendants appear to be a continuation of her efforts to avoid criminal charges in Maryland for identity theft and related crimes involving her use of the "queen naja" identity. In any event, her claims against the named Defendants lack any arguable basis either in law or in fact and are, accordingly, subject to dismissal under § 1915(e)(2)(B)(i) as frivolous.

Moreover, other than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but

meaningless verbiage is nothing more than a nullity. *See United States v. Wunder*, Civ. A. No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, Civ. A. No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, Civ. A. No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"). Other than the allegation that Defendant Mountcastle was involved in her arrest, Zahir states no basis to conclude that Mountcastle acted to violate her constitutional rights.

Other named Defendants and claims are further subject to dismissal on additional grounds as well. The State of Maryland and the Maryland Court of Appeals are entitled to absolute immunity under the Eleventh Amendment. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (holding that the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). That immunity would extend to Governor Hogan and Leitess to the extent that they are named in their official capacities. *A.W.*, 341 F.3d at 238 (holding that suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). All other claims against Leitess appear to concern her

actions as the prosecutor in Zahir's criminal cases and she, accordingly, is entitled to absolute immunity on claims brought against her in her individual capacity for actions associated with her role in the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case.")  There is no basis to conclude that any other official capacity claim, or any claim against Anne Arundel County, its police department and its Department of Detention Facilities is plausible since Zahir does not make custom or policy allegations. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  Other than name Defendant Chester in the caption of the Amended Complaint, Zahir makes no factual allegations against Chester.  To the extent that the claim against Defendant Chester based on her role as a clerk of court, it too would not be plausible. *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges).

### III. CONCLUSION

Accordingly, the Court concludes the Complaint is frivolous or, in the alternative, fails to state a plausible claim upon which relief may be granted.  An appropriate Order dismissing the case with prejudice follows since any attempt at amendment appears to be futile.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**